UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHEYENNE KING,

          Petitioner,

vs.                            Case No. 3:05-cv-334-J-20HTS

JAMES V. CROSBY, etc.; et al.,

          Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On May 17, 2005, the Court ordered Petitioner to either pay the $5.00 filing fee or complete and file an Affidavit of Indigency within thirty days. <u>See</u> Court's Order (Doc. #6), filed May 17, 2005. Further, the Court notified Petitioner that his failure to do so would result in the dismissal of this action without further notice. As of the date of this Order, Petitioner has not responded to the Court's Order. For this reason, Petitioner's case will be dismissed. The Court notes, however, that the dismissal without prejudice does not excuse Petitioner from the one year period of limitation for raising a habeas corpus petition in the federal courts. <u>See</u> 28 U.S.C. § 2244(d); Court's Order (Doc. #6), filed May 17, 2005, at 2 n.1.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is hereby **DISMISSED** without prejudice.[1]

2.   The Clerk of the Court shall enter judgment dismissing this case without prejudice and shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE

sc 6/20
c:
Cheyenne King

---

[1] Petitioner should note that any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. See 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).